IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JAMES S. BRANSCOMB,                    :
                                       :
        Plaintiff,                     :
                                       :
vs.                                    :      1:04-CV-4-1 (WLS)
                                       :
HANSFORD T. JOHNSON, Acting            :
Secretary of the Navy,                 :
                                       :
        Defendant.                     :
_____        :

**ORDER**

Presently pending before the Court is Defendant's Motion to Dismiss or In the

Alternative, for Summary Judgment. (Doc. No. 17). Also pending is Plaintiff's Motion to

Dismiss Defendant's Request for Summary Judgment. (Doc. No. 19).[1]  For the reasons stated

below, Defendant's Motion for Summary Judgment (Doc. No. 17) is **GRANTED.**

I.    **OVERVIEW**

Plaintiff has been employed by the Marine Corps Logistics Base ("MCLB") in Albany,

Georgia since 1977. Plaintiff is currently a welder in MCLB's Maintenance Center. Plaintiff

alleges he suffered a shoulder injury on September 29, 2001. Plaintiff sought assistance from

the union and filed a grievance with the Office of Workers' Compensation Program ("OWCP")

on March 18, 2002. Plaintiff alleges that the OWCP refused to proceed to Step 2 of the

OWCP's negotiated grievance process. On May 3, 2002, Plaintiff contacted an EEOC

counselor, filed an informal EEOC complaint and then re-filed a formal EEOC complaint on

_____

[1]Although Plaintiff captioned his pleading as a motion to dismiss Defendant's summary
judgment motion, a review indicates that it is in fact his response in opposition to Defendant's
motion for summary judgment.

June 4, 2002. On June 19, 2002, the EEOC dismissed the complaint as untimely. Plaintiff

appealed the dismissal on July 22, 2002. Although it did not adjudicate the timeliness issue,

the Office of Federal Operations affirmed the EEOC's dismissal of Plaintiff's complaint on the

merits on October 14, 2003, stating that Plaintiff failed to allege a discrimination claim under

Title VII of the Civil Rights Act of 1964. On January 15, 2004, Plaintiff brought the instant

action under Title VII for employment discrimination for the following alleged acts:

(1)     Plaintiff's supervisor[2] did not take timely action to help Plaintiff through the
        worker's compensation process after Plaintiff notified his supervisor of his
        September 29, 2001 injury. Specifically, Plaintiff alleges his supervisor first
        "ignored" Plaintiff's notification of alleged on-the-job-related injury and then
        did not timely provide him with a worker's compensation claim form, i.e.,
        "CA1 form."

(2)     Plaintiff's supervisor delayed the submission of Plaintiff's workers'
        compensation claim.

(3)     Plaintiff's supervisor made false and/or misleading statements as to Plaintiff's
        injury during the OWCP negotiated grievance process.

(4)     Plaintiff's manager[3] improperly participated in the OWCP negotiated grievance
        including, improperly copying, distributing and misusing Plaintiff's medical
        records.

On December 21, 2004, Defendant filed the instant motion requesting dismissal of the

---

[2]     Plaintiff's supervisor is Bobby Back whom Plaintiff identifies as a white male.

[3]     Plaintiff's manager is Carl A. Dervan whom Plaintiff identifies as a white male.

action under FED. R. CIV. P. 12(b)(1) and 12(b)(6) or, in the alternative, judgment as a matter of law under FED. R. CIV. P. 56. (Doc. No. 17). As Plaintiff is proceeding *pro se*, the Court issued a notice to Plaintiff ordering a response to Defendant's motion. (Doc. No. 18). On December 30, 2004, Plaintiff filed "Plaintiff's Motion to Dismiss Defendant's Request for Summary Judgment" asking the Court to deny Defendant's motion because there are genuine issues of material fact and the relief sought is only for punitive damages. (Doc. No. 19).

## II.    DISCUSSION

### A.    Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised. Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d. 202 (1986); *see also* Allen v. Tyson Foods, 121 F.3d at 646. A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See* Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999); Celotex Corp. v. Catrett, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of

3

material fact. Celotex Corp. v. Catrett, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears and has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 1067 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. Celotex Corp. v. Catrett, 477 U.S. at 322-23; Allen v. Tyson Foods, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

B.   **Legal Analysis**

1.   *Counts I, II and III*

Under 29 C.F.R. § 1614.107(a), the effect of an agency's dismissal depends on whether the agency dismisses all of a complainant's claims or only some of them. Puckett v. Potter, 342 F.Supp.2d 1056, 1065 (M.D.Ala. 2004). When an agency dismisses an entire complaint under 29 C.F.R. § 1614.107, that dismissal constitutes a final decision. 29 C.F.R. § 1614.110(b). As such, Plaintiff cannot use the EEOC process to lodge a collateral attack on other forums. *See*

4

Moore v. United States Postal Service, EEOC Request No. 05A10781. (May 30, 2001).

With respect to Counts I, II and III, Plaintiff 's supervisor allegedly: did not provide Plaintiff with a CA1 form; "delayed" the submission of his worker's compensation claim; and made false statements during the OWCP grievance process. Looking at the evidence in the light most favorable to Plaintiff, Plaintiff did not suffer actual harm or injury from the delays or false statements. Specifically, OWCP did not refuse to hear the merits of Plaintiff's action. By Plaintiff's own admission, Plaintiff's worker's compensation claims were heard during the OWCP negotiated grievance process on March 18, 2002. (Doc. Nos. 1, 19). The OWCP refused to proceed to Step 2 of the grievance process which ultimately made the OWCP's decision final. Plaintiff then proceeded to the EEOC to challenge the denial of his worker's compensation claims. It was impermissible for Plaintiff to use the EEOC process to then collaterally attack the final decision of the OWCP.

Plaintiff is limited to the allegations of discrimination, or lack thereof, contained in the charges brought before the EEOC. Cabiness v. YKK (USA), Inc., 859 F.Supp. 582 (M.D. Ga. 1994). On October 14, 2003, Plaintiff's appeal of the EEOC dismissal was affirmed, although not on timeliness, by the Office of Federal Operations for failure to state a discrimination claim under Title VII of the Civil Rights Act of 1964. Upon review, the Court finds that Plaintiff failed to make any factual allegations that falls within the provisions of Title VII of the Civil Rights Act of 1964. Plaintiff merely alleges certain failings, apparent negligence or misconduct of his supervisor and manager. Merely stating their race as "white" without more does not constitute allegations of discrimination. Therefore, Defendant is entitled to summary judgment as a matter of law.

Moreover, as to timeliness under 29 C.F.R. § 1614.105, Plaintiff must exhaust his administrative remedies by first contacting his EEOC counselor within forty-five (45) days of the alleged discriminatory act. *See* Howard v. Henderson, 112 F.Supp.2d 1276, 1285 (M.D. Ala. 2000). Equitable tolling of the 45-day time limit is available if Plaintiff was not notified of the EEOC discrimination complaint process and time frames.  29 C.F.R. § 1614.105(a)(2). However, Plaintiff has not met the initial burden of providing facts supporting equitable tolling. Moreover, the Eleventh Circuit has stated that subjective unawareness is insufficient to warrant equitable tolling. *See* Howard v. Henderson, 112 F.Supp.2d at 1285.

On June 19, 2002, the EEOC complaint was dismissed as untimely.  On October 14, 2003, Plaintiff's appeal of the EEOC dismissal was affirmed, although not on timeliness, by the Office of Federal Operations for failure to state a discrimination claim under Title VII of the Civil Rights Act of 1964.  It is undisputed that the alleged discriminatory act occurred on September 29, 2001.  (Doc. No. 1, ¶ 8).  Therefore, Plaintiff's charge of discrimination should have been filed with the EEOC counselor within 45 days of September 29, 2001, i.e, Tuesday, November 13, 2001, or any law suit based on the charge of discrimination is time-barred.  It is undisputed that Plaintiff contacted his EEOC counselor on May 3, 2002. (*See* Doc. No. 1, ¶ 11; Doc. No. 17).   Therefore, Defendant is entitled to summary judgment because any employment discrimination claim filed subsequent to November 13, 2001 is time-barred.  Defendant's Motion for Summary Judgment (Doc. No. 17) is **GRANTED as to Counts I, II and III.**

### 2.    *Count IV*

Plaintiff's claim filed pursuant to the Privacy Act, 5 U.S.C. § 552a(g)(1), is barred because the Privacy Act provides the exclusive remedy for violations caused by a federal

6

agency and Plaintiff has not exhausted these administrative remedies. Accordingly,

Defendant's Motion for Summary Judgment (Doc. No. 17) is **GRANTED as to Count IV.**

**III.    CONCLUSION**

Therefore, Defendant's Motion for Summary Judgment (Doc. No. 17) should be, and

hereby is, **GRANTED.**

**SO ORDERED**, this  22ⁿᵈ  day of June, 2005.


__/s/W. Louis Sands_____
**W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

7